UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROSARIO NATIVI, JOSE PEREZ,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, its assignees and successors; DOES (1-10),<br><br>Defendant. | Case No. 09-06096 PVT<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND REMANDING REMAINING STATE LAW CLAIMS TO STATE COURT** |

**I.     INTRODUCTION**

On April 13, 2010, the parties appeared for a hearing on Defendant's motion to dismiss Plaintiffs' first amended complaint, or in the alternative, for a more definite statement. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Defendant's motion to dismiss Plaintiffs' first amended complaint, or in the alternative, for a more definite statement, is GRANTED IN PART because the Protecting Tenants at Foreclosure Act ("PTFA") does not provide for an implied private right of action.

IT IS FURTHER ORDERED that the remainder of the action is REMANDED to the Superior Court of California, County of Santa Clara.

**II.     BACKGROUND**

Plaintiffs Rosario Nativi and Jose Perez are tenants who rented a unit in a home located in

Sunnyvale, California.[1]  Their most recent year to year lease commenced on June 1, 2009 and is set to end on June 1, 2010.

In or around August 2009, Deutsche Bank foreclosed on the property and hired XL Advisors Inc. (dba Advisors Real Estate Group) to assist the bank with the foreclosure.  Plaintiffs informed the realtor about their tenancy and year long lease but never received any written notice of foreclosure or new ownership.

Plaintiffs left for a trip.  When Plaintiff Jose Perez returned at the end of September, 2009, he tried to enter his unit.  XL Advisors Inc.'s representative called the police and instructed them to bar Perez from the property.  Plaintiff Perez found that his and Plaintiff Nativi's belongings had been collected and deposited outside of the unit while they were away, where they had been subsequently damaged.

On November 25, 2009, Plaintiffs filed a complaint in the Superior Court of the County of Santa Clara seeking possession of their home, other injunctive relief, and monetary damages.  Plaintiffs' First Amended Complaint, filed on February 1, 2010, alleged a claim arising under the federal PTFA.  Defendant removed the action to federal court on December 31, 2009, on the basis of federal question jurisdiction, 28 U.S.C. § 1331.

### III.   LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion, courts must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *See Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.1994).  Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  *See Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991), disapproved on other grounds, *In re ZZZZ Best Sec. Litig.*, 864 F. Supp. 960, 967 (C.D. Cal. 1994).

The court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994).  Further, the court need not accept as

---

[1] Facts are taken as pled in the First Amended Complaint (" FAC").

true allegations that contradict facts that have been judicially noticed. *See Employers Ins. v. Musick, Peeler, & Garrett*, 871 F. Supp. 381, 386 (S.D. Cal.1994).

Legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Legal conclusions are also not entitled to a presumption of truth, whereas factual allegations are. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id.* Additionally, the factual content must provide "more than a sheer possibility that a defendant has acted unlawfully." *See id.*

**IV.    DISCUSSION**

Defendant moves to dismiss Plaintiffs' seventh and ninth causes of action. The seventh cause of action alleges Defendant violated the PTFA and the ninth cause of action alleges conversion. (*See* Docket No. 8.)

**A.    Private right of action under the PTFA**

Defendant moves to dismiss Plaintiffs' seventh cause of action on grounds that the PTFA does not allow for a private right of action. Plaintiffs contend that the factual allegations, as pled, make out a permissible private right of action. It is undisputed that whether the PTFA allows for a private right of action is a question of first impression not yet addressed by the circuit courts.[2]

The Protecting Tenants at Foreclosure Act of 2009 states that:

> . . . In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to –
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of each notice of foreclosure –

---

[2] An Arizona district court has dealt with a similar issue regarding the Emergency Economic Stabilization Act (" EESA"). *See Mangosing v. Wells Fargo Bank, N.A.*, 2009 WL 1456783 (Ariz. Dist. Ct., May 22, 2009). In *Mangosing*, the court found no private right of action under the EESA. *See id.*

>  (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease . . .

*See* 123 Stat. 1632, 1660 (2009).

The Supreme Court in *Cort v. Ash* set forth a four-factor test for evaluating whether a federal statute creates a right of action that may be enforced by private parties in federal court. *See Cort v. Ash*, 422 U.S. 66, 78 (1975). Those factors are (1) whether the plaintiff is "one of the class for whose especial benefit the statute was enacted;" (2) whether "there [is] any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one;" (3) whether it is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff;" and (4) whether the "cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law." *See id.* Generally, ". . . the first three factors . . . are the ones traditionally relied upon in determining legislative intent." *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-76 (1979). In weighing the four factors used by *Cort*, the Supreme Court has emphasized that intent is the most important element in the analysis. *See Thompson v. Thompson*, 484 U.S. 174, 179 (1988) ("The intent of Congress remains the ultimate issue").

### 1.  The statute was enacted to benefit tenants

The first factor of *Cort* asks whether the plaintiff is "one of the class for whose especial benefit the statute was enacted." *See Cort*, 422 U.S. at 78. Here, plaintiffs are part of the class of tenants that are affected by the foreclosure crisis.

The PTFA protects tenants who are the victims of the foreclosure crisis. *See* 155 CONG. REC. S5096-7 (daily ed. May 5, 2009) (statement of Sen. Gillibrand). Included in the Act is a right for the tenant to occupy the premises until the end of the lease, as well as a right to receive a notice to vacate 90 days before the effective date. *See* 123 Stat. 1632, 1660 (2009). "The objective of these new tenant protections is to ensure that tenants receive appropriate notice of foreclosure and are not abruptly displaced." *See* Protecting Tenants at Foreclosure: Notice of Responsibilities Placed on Immediate Successors in Interest Pursuant to Foreclosure of Residential Property, 74 Fed. Reg. at 30106. Plaintiffs belong to the class the statute was intended to benefit–they were evicted as a result

of the home being foreclosed.

### 2. The Legislative has indicated its intent not to create a remedy

The second factor of *Cort* asks whether "there [is] any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one." *See Cort*, 422 U.S. at 78.

On its face, the statute does not explicitly state whether Congress intended PTFA to include private rights of action. The statute does state that tenants would be granted a right to remain in their homes for "at least 90 days." *See* 123 Stat. 1632, 1660 (2009). Review of the Congressional Record indicates that Congress intended tenants to have protection to deal with the foreclosure crisis:

> A landlord should not be allowed to come in, change the locks, and force out tenants who were there completely legitimately, with an expectation that they were coming home to their same old home . . .

*See* 155 Cong. Rec. S5110-5111 (daily ed. May 5, 2009) (statement of Sen. Kerry).

Although the framers of the statute indicated granting rights to tenants, they did not indicate an intent to create a remedy. In fact, the Congressional Record emphasizes that the remedy should not come from the federal court but rather from the state court:

> Congress and the administration have taken a number of actions to help our homeowners weather this housing crisis. We have worked to expand foreclsoure counseling services, provide homeowners with incentives to write down their debts, and to give *local governments and States* the tools they need to tackle this housing crisis.

*See* 155 Cong. Rec. S5096-7 (daily ed. May 5, 2009) (statement of Sen. Gillibrand) (emphasis added). Senator Kerry, in discussing the eviction policies of states, said, "[s]o what we believe is that this [Act] provides an appropriate level of protection." *See id.* at S5111 (statement of Sen. Kerry). Senator Kerry went on to state an incident of a "45-year-old former factory worker from China" who was evicted and "ended up on the street with all of her possessions." *See id.* In this incident, the remedy for the tenant came not from the federal court but rather from the state court, which issued an order that allowed her to move back. *See* Ric Kahn, *Foreclosing Costs*, The Boston Globe, March 9, 2008. The PTFA was intended to allow tenants who are victims of the foreclosing crisis a protection that can be used in the state courts to combat unlawful evictions. *See* 155 Cong. Rec. S5111 (daily ed. May 5, 2009) (statement of Sen. Kerry). Such was the case

recently in *Bank of Am., N.A. v. Owens*, where the PTFA was used to give greater protection to tenants. *See Bank of Am., N.A. v. Owens*, 2010 N.Y. Misc. LEXIS 954 (N.Y. Sup. Ct. May 4, 2010).

Because Congress intended the PTFA to be used for protection in state court, a private right of action is not found to exist under the PTFA. Although it is not necessary to analyze the remaining two *Cort* factors, for sake of completeness, they will be briefly discussed.

### 3. The remedy is not consistent with the legislative scheme

The third factor of *Cort* asks whether a private right of action is "consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff." *See Cort*, 422 U.S. at 78. A federal private right of action would not be consistent with the underlying purposes of the legislative scheme. Congress discussed the rights of the PTFA within the framework of the state judicial system. *See* 155 CONG. REC. S5096-7 (daily ed. May 5, 2009) (statement of Sen. Gillibrand). To now read a private right of action remedy into the Statute would be contrary to the intent of Congress.

### 4. The cause of action is not one traditionally relegated to state law

The fourth factor of *Cort* asks whether the "cause of action [is] one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law." *See Cort*, 422 U.S. at 78. The cause of action here is based on unlawful eviction–an area traditionally relegated to state law. It would therefore be inappropriate to infer a cause of action based solely on federal law.

### 5. A private right of action is not implied under the PTFA

As a general rule, the Supreme Court does not like to grant non-explicit private right of actions. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 571-72 (1979). As stated above, Congress did not intend to create a private right of action remedy, but rather intended to provide tenants additional rights which could be used in state court proceedings. Additionally, three out of the four *Cort* factors, including the most important 'intent' factor, do not support finding an implied right of action. As such, a private right of action is not found to be implied under the PTFA.

### B. Remand is warranted as to all state claims

All remaining claims at issue in the First Amended Complaint are state law claims. Having

dismissed Plaintiffs' claims under the PTFA, the court declines to exercise supplemental jurisdiction over the state law claims and remands the case to state court. *See* 28 U.S.C. § 1367(c)(3); *see also, Foster v. Wilson*, 504 F.3d 1046, 1051-52 (9th Cir. 2007) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion"). The bulk of the court's work on this case has been directed to the federal cause of action. Under all of the circumstances, the court finds it appropriate to decline supplemental jurisdiction.

**V.     CONCLUSION**

Because the PTFA does not provide a private right of action, dismissal of the seventh cause of action is warranted. The court declines to exercise supplemental jurisdiction over the remaining state law claims. The clerk of the court shall transfer the file to the Superior Court of California, County of Santa Clara.

Dated: *5/24/10*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge